Filed 5/20/25  P. v. Vanosdol CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C101877 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2302320) |
| v. | |
| NATHAN DWAYNE VANOSDOL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Nathan Dwayne Vanosdol asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

## I. BACKGROUND

In September 2023, defendant stole approximately $600 worth of lottery tickets from a local liquor store.  When the store owner tried to intervene, defendant punched him in the jaw.

1

Later that month, defendant was charged with second degree robbery (Pen. Code, § 211) and pled no contest to the charge.[1]  In exchange, defendant would be placed on probation so long as he completed a six-month residential treatment program.  The parties agreed that, if defendant failed to complete the program, he would be sentenced to "a mid-term floor of three years."  Defendant agreed to waive his right to a jury or court trial on any aggravating factors.

Defendant had difficulty obtaining a residential treatment program because he was on parole at the time.  Defendant, the prosecution, and the trial court agreed to modify the plea agreement to place defendant on probation with a condition that he serve one year in jail.  Defendant agreed to a five-year upper term sentence if he performed poorly on probation.

In February 2024, the trial court placed defendant on probation for two years and suspended imposition of sentence.  The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 theft fine (§ 1202.5).

In July 2024, defendant admitting to violating probation by committing petty theft, failing drug testing, and being terminated from a drug treatment program.  A separate misdemeanor case against defendant was dismissed.

In August 2024, the trial court sentenced defendant to five years in prison.  The trial court lifted the stay on the probation revocation fine and imposed a $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45).

Defendant did not request a certificate of probable cause on appeal.

---

[1]  Undesignated statutory references are to the Penal Code.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## III. DISPOSITION

The judgment is affirmed.


/S/

RENNER, J.



We concur:


/S/

EARL, P. J.


/S/

FEINBERG, J.